# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DENISE MCMULLEN,** *also known as* Denise M Gary, *Plaintiff,* v. **DONALD TRUMP,** *et al.*, *Defendants.* | **CIVIL ACTION NO. 5:25-cv-00001-TES** |

## ORDER

In her Complaint [Doc. 1], pro se Plaintiff Denise McMullen brings claims against a bevy of Defendants, including federal agencies, former and future Presidents of the United States, local elected officials, celebrities, and others. [Doc. 1, pp. 2, 8–11]. Plaintiff seeks "$999 trillion" for the Defendants' actions to "defraud and assault/batter" her through a "new medium of thought communication and spiritual realm technology." [*Id.* at p. 4]. Along with her Complaint, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2]. The Court first addresses Plaintiff's IFP Motion and then conducts the required frivolity screening.

### I.  Motion to Proceed *In Forma Pauperis*

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.* at 1307. After review of Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants her IFP status.

## II. Frivolity Screening

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review her Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[2] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

### a. Legal Standard

The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

  b.  **Discussion**

Plaintiff alleges that the Defendants "conspired to defraud and assault/batter" her by "nonconsentually" using a new medium of "thought communication" in the "spiritual realm" to make money off of her. [Doc. 1, p. 4]. Plaintiff asks the Court to "return [her] total wealth for two plus decades of abuse (technological)," where her "every thought, word, and deed was nationally and globally known without [her] consent." [*Id.*]. Plaintiff also attached numerous Facebook posts where she details more

4

of her contentions. *See, e.g.*, [Doc. 1-2]; [Doc. 1-3]. Finally, Plaintiff attached email communications where she expresses her dissatisfaction with President Trump's recent election. [Doc. 1-7].

Upon review of Plaintiff's Complaint, it clearly falls into the class of "fantastic or delusional" actions which are ripe for dismissal under § 1915(e). *Neitzke*, 490 U.S. at 328. Indeed, as other courts have concluded, these types of accusations are "are not only fanciful, fantastic, and delusional"; they also "reflect the thoughts of a paranoid and/or delusional individual." *Kelsey v. Bibb Cnty. Bd. of Cnty. Comm'rs*, No. 5:14-CV-82-LJA, 2015 WL 5302709, at *6 (M.D. Ga. Sept. 10, 2015) (internal citations omitted) (collecting cases); *Money v. Ga. Dep't of Corr.*, No. 4:22-CV-00168-CDL-MSH, 2023 WL 2541323, at *3 (M.D. Ga. Mar. 16, 2023) ("Plaintiff's claims that Defendants are . . . using advanced technology to read his mind are plainly irrational and wholly incredible") (citations omitted).[3] Putting aside her fantastical conspiracy theories, Plaintiff offers no factual allegations that come close to stating a legal claim. In the end, Plaintiff's Complaint is the quintessential example of a "baseless lawsuit[]" targeted by § 1915's frivolity screening. *Berrong v. Mark Gannon, LLP*, No. 1:15-CV-4386-WSD, 2016 WL 2893214, at *3

---

[3] *See also Hecker v. Cent. Intel. Agency*, No. 21-CV-2701, 2022 WL 196281, at *5 (E.D. Pa. Jan. 20, 2022) ("Federal courts routinely dismiss allegations that the CIA, FBI, NSA, and other governmental agencies or officials are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible."); ."). *Lampon-Paz v. Dep't of Homeland Sec.*, No. 13-CV-5757-WJM-MF, 2014 WL 252909, at *8 (D.N.J. Jan. 23, 2014) ("In general, Plaintiff's accusations that the government is reading his thoughts or putting thoughts in his head is not plausible.").

(N.D. Ga. May 18, 2016).

## CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2], but ultimately **DISMISSES** Plaintiff's Complaint [Doc. 1] following the required frivolity screening. *See* 28 U.S.C. § 1915(e). The Clerk of Court is **DIRECTED** to **ENTER** Judgment and **CLOSE** this case.

**SO ORDERED**, this 6th day of January, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**